UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FELIX A. PRICE (#91688)　　　　　　　　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　　　　　20-239-SDD-SDJ

NICHLOS SANDERS, ET AL.

## ORDER

Before the Court is a document entitled Notice of Appeal,[1] but because, generally, only final decisions of district courts may be reviewed on appeal,[2] this Court construes the instant Notice as a motion to certify this Court's Order and Ruling in R. Docs.10 and 12, respectively, for interlocutory appeal pursuant to 28 U.S.C. § 1292.[3] Section 1292(b) states as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal may thereupon, in its discretion, permit an appeal to be taken from such an order, if application is made to it within ten days after the entry of the order....

Here, none of the foregoing statutory requirements have been met. There is no controlling question of law to which there is substantial ground for difference of opinion and granting an appeal at this stage will not materially advance the ultimate termination of litigation. Further, "[t]he basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals;" therefore, interlocutory appeals are "exceptional."[4] Once there is a final

---

[1] R. Doc. 13.
[2] 28 U.S.C. § 1291.
[3] Absent leave to proceed with an interlocutory appeal, the Court of Appeals has no jurisdiction to entertain Plaintiff's interlocutory appeal. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 477 (5th Cir. 1999).
[4] *Clark-Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

judgment, Plaintiff may appeal if he is dissatisfied with the result and may then raise the issues with the Fifth Circuit. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Certify[5] is hereby **DENIED**.

Signed in Baton Rouge, Louisiana on July 27, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] R. Doc. 13.